**Daniel G. SZMANIA, Plaintiff-Appellant,**

v.

**E-LOAN, INC.; et al., Defendants-Appellees.**

**No. 16-36055**

United States Court of Appeals, Ninth Circuit.

Submitted February 13, 2018 *

Filed February 23, 2018

Daniel G. Szmania, Pro Se

John S. Devlin, III, Esquire, Abraham K. Lorber, Attorney, Lane Powell PC, Seattle, WA, for Defendants-Appellees Bear Stearns Arm Trust, Wells Fargo Bank, N.A., John G. Stumpf

Scott Douglas Crawford, Zieve, Brodnax & Steele, LLP, Portland, OR, for Benjamin D. Petiprin

Before: LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

MEMORANDUM **

Daniel G. Szmania appeals pro se from the district court's judgment dismissing his

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

diversity action arising from foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We affirm.

The district court properly dismissed Szmania's claim that defendants lacked authority to foreclose as barred by the doctrine of res judicata because this claim was raised or could have been raised in a previous action between the parties or their privies that resulted in a final judgment on the merits. *See Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (federal courts apply state law regarding the res judicata effect of state court judgments); *Williams v. Leone & Keeble, Inc.*, 171 Wash.2d 726, 254 P.3d 818, 821 (2011) (en banc) (setting forth elements of the doctrine of res judicata under Washington law); *Southcenter Joint Venture v. Nat'l Democratic Policy Comm.*, 113 Wash.2d 413, 780 P.2d 1282, 1285 (1989) (en banc) ("[A] successor in interest to a party to an action that determines interests in property is subject to the preclusive effects of that action." (citations omitted) ).

We reject as without merit Szmania's contention that defendants were time-barred from collecting on the note. *See Edmundson v. Bank of Am.*, 194 Wash. App. 920, 378 P.3d 272, 277-78 (2016) (statute of limitations period on a claim to enforce an installment note accrues for each installment from the time it becomes due).

We lack jurisdiction to consider the district court's order denying Szmania's motion for reconsideration because Szmania failed to file an amended or separate notice of appeal. *See Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007).

ed by Ninth Circuit Rule 36-3.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**